IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LOMAX,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>    Defendants.<br>_____ / | No. C 05-01557 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT AND GRANTING PLAINTIFF LEAVE TO AMEND** |

    Plaintiff Thomas Lomax filed a complaint on April 15, 2005. Plaintiff has sued a number of federal and state agencies and government officials. The United States defendants have filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), which is currently scheduled for oral argument on December 2, 2005. [Docket No. 17]. Pursuant to Civil Local Rule 7-1(b), the Court determines the motion without oral argument, and hereby GRANTS the motion and GRANTS plaintiff leave to amend the complaint.

    Federal Rule of Civil Procedure 12(e) provides, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). Defendants contend that plaintiff's complaint is rambling and that one cannot discern the nature of his claims, against whom he is making his claims, the relief sought by his claims, or the grounds upon which the Court has jurisdiction over his claims.

    After reviewing the complaint and attached materials, the Court concludes that the complaint as currently framed is too vague and ambiguous to require defendants to file a responsive pleading. *See Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000). Although the complaint is alleged against the

United States Department of Justice, a number of other federal and state agencies as well as government officials are mentioned in the complaint or its attachments, or in other filings in this case. Thus, it is unclear which agencies and individuals plaintiff is actually suing. In addition, the complaint does not set forth the basis for the Court's jurisdiction,[1] the causes of action plaintiff is alleging, the factual basis for plaintiff's claims, or the relief that plaintiff seeks. Although plaintiff provided some of this information (such as the relief he seeks) in his October 18, 2005 response, these allegations and demands are not contained in the complaint.

Plaintiff shall be given leave to file an amended complaint which cures the deficiencies discussed above. If plaintiff chooses to file an amended complaint, such amended complaint shall (1) identify which agencies and individual are being sued; (2) contain a "short and plain statement" of the grounds upon which the Court's jurisdiction depends; (3) contain a "short and plain statement" of the legal and factual basis for plaintiff's claims; and (4) demand the relief that plaintiff seeks. *See generally* Fed. R. Civ. Proc. 8(a). Plaintiff is cautioned that any amended complaint which does not cure the deficiencies contained in the first complaint is subject to dismissal without leave to amend. If plaintiff wishes to file an amended complaint, he must do so on or before **December 23, 2005.**

**IT IS SO ORDERED.**

Dated: November 23, 2005

SUSAN ILLSTON
United States District Judge

---

[1] Plaintiff's October 18, 2005 response incorrectly asserts that it is the government's responsibility to identify the jurisdictional basis for plaintiff's claims. Plaintiff is mistaken, and if he chooses to amend his complaint, the complaint must identify the grounds for the Court's jurisdiction.

2